UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-349-H

| | |
|---|---|
| THOMAS B. GIVHAN, individually, and the GIVHAN FAMILY PARTNERSHIP, LTD. | PLAINTIFFS |
| V. | |
| CITY OF MT. WASHINGTON, KENTUCKY, and Lajuana Wilcher, in her official capacity as SECRETARY OF THE ENVIRONMENTAL AND PUBLIC PROTECTION CABINET, COMMONWEALTH OF KENTUCKY | DEFENDANTS |

**MEMORANDUM OPINION**

This case arises from a dispute over the operation of a wastewater treatment plant in the City of Mt. Washington, Kentucky (the "City") and the permit process granting access to that facility's sewers. Among other things, Plaintiffs allege that the City and Lajuana S. Wilcher ("Secretary Wilcher"), in her official capacity as Secretary of the Environmental and Public Protection Cabinet (the "Cabinet") have violated the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (the "CWA"). The City and Secretary Wilcher have moved to dismiss Plaintiffs' CWA claims for lack of subject matter jurisdiction based on failure to satisfy the 60-day advance notice requirement in section 1365(b).

I.

Under the CWA, municipalities that operate wastewater treatment plants must receive a permit to discharge wastewater into the nation's waterways. The Commonwealth through the Cabinet administers the CWA in Kentucky as well as the permitting process the CWA

prescribes.

Plaintiffs' goal is to connect a parcel of their property to the City sewer system. Plaintiffs originally alleged that the Commonwealth, through the Cabinet and Secretary Wilcher, has failed to adequately remedy the City's alleged violations of the CWA. However, in its June 21, 2005 opinion, the Court dismissed all claims against the Commonwealth under the doctrine of sovereign immunity. The Court also dismissed any claims against Secretary Wilcher for retroactive monetary or injunctive relief. Therefore the remaining CWA claims are against the City and Secretary Wilcher (for prospective relief only).

The City's wastewater treatment plant has a capacity of only 900,000 gallons per day, but the records of the Division of Water show that for the past several years it has had an average daily flow of 1.1 million gallons per day and an average peak flow of 3.5 million gallons per day. These numbers are significant because the CWA requires covered wastewater treatment plants to maintain discharge within the prescribed range. A wastewater treatment plant running over capacity indicates a higher than permitted rate and may be deemed a violation of the CWA.

Recognizing this problem, the City and the Cabinet entered into a consent decree on March 17, 2005, allowing the City until February 15, 2007, to comply with the CWA. In addition, the Cabinet imposed a "sewer sanction" prohibiting any person from connecting to the City sewer system unless the Cabinet grants a specific waiver. Plaintiffs were denied the right to obtain service. Plaintiffs allege, however, that the Cabinet routinely grants these exemptions to other similarly-situated parties. Plaintiffs allege that the City has repeatedly violated the terms of its permit to operate a wastewater treatment plant and is therefore also in violation of sections 301, 308, and 402 of the CWA, 33 U.S.C. §§ 1311, 1318, and 1342. Plaintiffs further allege that

Secretary Wilcher has failed to take adequate remedial action to enforce the requirements of the Act against the City. Prior to filing suit, Plaintiffs sent notices of their intention to sue to the City, Secretary Wilcher, and the Regional Administrator of the Environmental Protection Agency ("EPA").

II.

Defendants have moved to dismiss based on Plaintiffs' failure to notify the Administrator of the EPA. All parties agree that Plaintiffs provided 60 days notice to the other appropriate parties.[1] The CWA allows citizens to bring suit under the following circumstances:

> (1) against any person (including (I) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued y the Administrator or a State with respect to such a standard or limitation, or
>
> (2) against the Administrator where there is an alleged failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

33 U.S.C. § 1365(a). However, before bringing suit, a citizen must comply with the notice requirement in section 1365(b), which provides, in pertinent part, that no action may be commenced:

> (1) under subsection(a)(1) of this section–
>
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation to (I) the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order . . . .

The "Administrator" is defined as the Administrator of the Environmental Protection Agency. 33 U.S.C. § 1251(d). Applicable regulations elaborate on the 60-day notice requirement and

---

[1] Secretary Wilcher disputes the adequacy of the notice itself.

provide that:

> A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred . . . [and other parties, depending on who the alleged violator is].

40 C.F.R. §§ 135.2(a)(1) (where alleged violator is an individual) and 135.2(a)(2) (where alleged violator is State or local agency). The central issue here is whether Plaintiffs' failure to send an appropriate notice of intent to the Administrator deprives this Court of jurisdiction. For the following reasons, the Court concludes that the CWA requires dismissal of these claims.

Plaintiffs admit that prior to filing suit they did not send a notice of intent to sue to the Administrator. The Sixth Circuit has expressly stated that compliance with the CWA's notice provisions is a jurisdictional prerequisite. *Board of Trustees of Painesville Township v. City of Painesville*, 200 F.3d 396 (6th Cir. 1999) (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989) (compliance with notice provision of Resource Conservation and Recovery Act of 1976 ("RCRA") was mandatory condition precedent to commencing suit under provision, and failure to meet requirement required dismissal); *see also Walls v. Waste Resource Corp*, 761 F.2d 311, 316 (6th Cir. 1985) (compliance with 60-day notice requirement is jurisdictional prerequisite to bringing suit against private defendants under CWA); *Greene v. Reilly*, 956 F.2d 593, 594 (6th Cir. 1992) (similar).

Plaintiffs argue that their notice to the Regional Administrator substantially complied with the notice provision, and that no meaningful purpose would be served by strict compliance, especially since the EPA is not a party to this suit. Whether actual compliance would serve a meaningful purpose, however, is not precisely the issue. Rather, the issue is compliance with statutory requirements. In *Hallstrom*, the Supreme Court indicated that "[t]he equities do not

4

weigh in favor of modifying statutory requirements when the procedural default is caused by petitioners' failure to take the minimal steps necessary to preserve their claims." *Hallstrom*, 493 U.S. at 27-28 (internal quotation marks and citation omitted) (concerning the RCRA notice provisions which are substantially similar in both language and purpose to those of the CWA). Where the statute is clear and where compliance is uncomplicated, the Court's duty is to enforce its requirements. Plaintiffs were obviously aware of the section 1365(b) notice provisions, but failed to follow them precisely. Apparently, Plaintiffs did send a belated notice to the Administrator on July 22, 2005. That action does not give the Court jurisdiction, because the notice is required *prior* to filing suit. *See City of Painesville*, 200 F.3d at 400. Accordingly, the Court must dismiss Plaintiffs' CWA claims for failure to strictly comply with section 1365(b).

### III.

Plaintiffs argue that, rather than dismiss their CWA claims, the Court could stay the proceedings to allow Plaintiffs to comply with the notice requirement. This is not possible because an order staying the proceedings would be insufficient to create jurisdiction where none previously existed. *Hallstrom*, 493 U.S. at 26 (stay of proceedings for 60 days after RCRA suit filed in order to comply with prior notice requirement held improper). Finally, Plaintiffs argue that, because another regulation relating to the EPA, 40 C.F.R. § 1.61, states that Regional Administrators (1) "serve as the Administrator's principal representatives in their Regions in contacts and relationships with Federal, interstate and local agencies, industry, institutions and other public and private groups" and (2) "are responsible for . . . conducting effective Regional enforcement and compliance programs," the Court should infer from this regulation that notice to the Regional Administrator also satisfies the requirement under 40 C.F.R. § 135.2 that

5

Plaintiffs notify the Administrator. The Court respectfully disagrees. Congress specifically delegated to the EPA the authority to promulgate regulations pertaining to the procedure for giving notice under section 1365(b). The EPA accordingly created regulation section 135.2, which requires notice to both the Administrator and the Regional Administrator. 40 C.F.R. § 135.2. The law is clear that the Court must follow the dictates of 40 C.F.R. § 135.2.

> When Congress has expressly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation and any ensuing regulation is binding in the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute.

*United States v. Mead*, 533 U.S. 218, 227 (2001). There is no evidence that the EPA's notice regulation is any of those things. Accordingly, the Court will not adopt a strained reading of alternative regulations to conclude that Plaintiffs satisfied a notice requirement that they plainly did not.

The Court recognizes that Secretary Wilcher has also moved to dismiss Plaintiffs' CWA claims based on additional grounds. However, as the Court has determined that the claims must be dismissed for failure to satisfy the CWA's notice requirement, it need not address those grounds at this time.

The Court will enter an order consistent with this Memorandum Opinion.


cc:     Counsel of Record